IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GENERAL PUMP & WELL, INC., )
)
    Plaintiff, )
)
v. )
) CASE NO. CV608-045
MARTIX DRILLING PRODUCTS CO., )
)
    Defendant. )
)

## ORDER

Before this Court is Plaintiff's Motion for Remand to State Court. (Doc. 9.) For the reasons that follow, the Motion to Remand is **GRANTED**, and this case is **REMANDED** to **the State Court of Tattnall County, Georgia.** As this case is remanded, all pending Motions are **DISMISSED AS MOOT**. The **Clerk of Court** is **DIRECTED** to **close this case.**

### BACKGROUND

This is a breach of warranties case about defective drilling rods in a water well drilling unit, which Plaintiff General Pump and Well Incorporated purchased from Defendant Matrix Drilling Products Co. This dispute first arose in the Superior Court of Tattnall County, Georgia, in 2007, where it was styled General Pump & Well, Inc. v. Laibe Supply Corp., Centerline Mfg. Co., and Matrix Drilling Prod. Co., No. 2007-CV-178 (Ga. Super. Ct. Apr. 8,

2007). In the Complaint in that case, Plaintiff brought claims for breach of express and implied warrantees against Matrix Drilling and other Defendants responsible for manufacturing various parts of the drill. (Doc. 8, Ex. A.) In that case, Plaintiff sought a rescission of the contract of sale and a refund for the price of the drill ($438,034.00), or, in the alternative, special and consequential damages totaling $313,250.00 plus interest. (Id.)

In the prior state action, Defendants filed a timely notice of removal to this Court. Plaintiff then asked this Court to remand the case to state court, and Defendant asked this Court to transfer venue to United States District Court for the Southern District of Indiana. General Pump & Well, Inc. v. Laibe Supply Corp., Centerline Mfg. Co., and Matrix Drilling Prod. Co., No. 6:07-CV-030 (S.D. Ga. May 10, 2007) (Moore, J.). Finding federal diversity jurisdiction, this Court denied the Motion for Remand. Id. The Court then granted the Motion to Transfer Venue, reasoning that a forum selection clause in the contract of sale was valid and entitled the Defendants to the requested transfer. Id.

In response to the transfer, Plaintiff and Defendants jointly filed a Stipulation of Dismissal Without Prejudice.

2

General Pump & Well, Inc. v. Laibe Supply Corp., Centerline Mfg. Co., and Matrix Drilling Prod. Co., No. 1:08-cv-009 (S.D. Ind. Jan. 3, 2008) (McKinney, J.). The Court granted the Stipulation and dismissed the case without prejudice. Id.

With the prior case dismissed, Plaintiff filed three separate state court actions, one against each of the original Defendants. General Pump & Well, Inc. v. Matrix Drilling Prod. Co., No. 2008-SV-65 (Ga. Super. Ct. May 5, 2008), General Pump & Well, Inc. v. Laibe Co., No. 2008-SV-63 (Ga. Super. Ct. May 5, 2008), General Pump & Well, Inc. v. Cory Miller d/b/a Centerline Mfg. Co., No. 2008-SV-64 (Ga. Super. Ct. May 5, 2008). Each Complaint alleges a breach of implied warranties and seeks damages in the sum of $74,500.00. Each Complaint drops the claim for breach of express warrantees and the request for equitable remedies such as rescission.

On June 13, 2008, Defendant Matrix Drilling filed a Notice of Removal, removing this case to Federal Court. (Doc. 1.) On July 11, 2008, Plaintiff General Pump and Well Incorporated filed a Motion to Remand this case to state court. (Doc. 7.) In its Motion, Plaintiff contends that this case must be remanded because the amount-in-

controversy requirement to diversity jurisdiction is not met.[1] (Id.) The Court now considers Plaintiff's Motion.

## DISCUSSION

Unless Congress expressly provides otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). The Defendant contends that this Court has original jurisdiction via diversity jurisdiction. See 28 U.S.C. § 1332. A federal court has diversity jurisdiction if the amount-in-controversy "exceeds the sum or value of $75,000" and the plaintiffs are citizens of different States than the defendants. Id.

Federal courts are courts of limited jurisdiction. "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987)). A defendant's right to remove is not on equal footing with a plaintiff's right to choose his forum; removal statutes are construed narrowly, and "where the plaintiff and defendant clash

---

[1] Plaintiff does not contend that complete diversity of parties is lacking.

4

about jurisdiction, uncertainties are resolved in favor of remand." Id.

When a case originally filed in state court is removed by the defendant, the defendant has the burden of proving federal subject matter jurisdiction exists. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Where the alleged subject matter jurisdiction is diversity, and the amount-in-controversy requirement is contested, the weight of defendant's burden varies based on the allegations in the state court complaint. Fitzgerald v. Besam Automated Entrance Sys., 282 F. Supp. 2d 1309, 1312-13 (S.D. Ala. 2003). The Eleventh Circuit Court of Appeals divides these cases into three categories, each with its own burden. If a plaintiff's complaint pleads damages in excess of $75,000, then the burden on a defendant is light. In such a case, "a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that plaintiff cannot recover the amount claimed." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002). If a plaintiff's complaint pleads damages less than $75,000, then the defendant's burden of proof is a heavy one, and the pleading, "when it is specific and in a pleading signed by a lawyer, deserves deference and a

5

presumption of truth." Burns, 31 F.3d at 1095. If a plaintiff's pleadings do not specify the amount of damages sought, then an intermediate burden is applied. In such a case, the burden of proof falls between Burns and Mitchell because "there is simply no estimate of damages to which a court may defer." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). If the case is a unique one, then Courts have crafted solutions to the question of burden to meet the unusual circumstances. See Fitzgerald, 282 F. Supp. 2d 1309.

The parties contest the burden on Defendant in this case. Plaintiff argues that this case falls under the rubric of Burns, while Defendant contends this Court should use the reasoning of the district court in Fitzgerald. The Court finds that Burns controls. This case is like Burns; in both cases there was only one existing complaint at the time of removal, and in both cases the complaint pled an amount of damages slightly less than the required amount-in-controversy for diversity jurisdiction. (Doc. 1, Ex. A.) See Burns, 31 F.3d at 1095. Further, in both this case and Burns, the party opposing the remand alleged that the pleading was made in bad faith. Id.

The only difference between Burns and this case is the existence of the prior complaint. This is not sufficient to overcome the multiple differences between this case and the Fitzgerald cases.[2] First, in the Fitzgerald cases, the plaintiff showed a preference for the federal court system, filing the initial lawsuit in federal court. That plaintiff only turned to the state court system to avoid an adverse ruling at the federal level. Here, by contrast, Plaintiff has continuously attempted to bring this suit in state court, never suggesting a preference for federal

---

[2] The Fitzgerald case to which Defendant refers is actually Fitzgerald II. Fitzgerald, 282 F. Supp. 2d at 1311 n.2. Fitzgerald II arose because the plaintiff attempted to make an end-run around an unfavorable ruling by a district court judge in Fitzgerald I.
    Fitzgerald I was a personal injury case brought in federal court under diversity jurisdiction, pleading over $250,000 in compensatory damages. Id. at 1311. As the litigation progressed, it became apparent that plaintiff neglected to plead a necessary claim to recover against one of the defendants in her case. Id. When plaintiff realized the mistake, she filed a motion to amend the complaint. Id. However, the Court denied plaintiff's motion as untimely. Id. Plaintiff responded by filing the untimely claim as a parallel lawsuit in state court. Id. at 1311-12. In the new lawsuit, plaintiff claimed only $74,500 in compensatory damages, despite her claims for over $250,000 in the simultaneous federal litigation. Id. Defendants sought removal, and the Court allowed the removal, finding obvious bad faith and thereby creating Fitzgerald II. Id. at 1314-15. The Court further supported its assertion of jurisdiction by noting that it would be nonsensical to allow the amount-in-controversy to be simultaneously over $75,000—supporting jurisdiction in Fitzgerald I—and under $75,000—denying jurisdiction in Fitzgerald II. Id.

7

court. Second, in the Fitzgerald cases, the state court claim was asserted simultaneously to the federal court claims; that is, the plaintiff was attempting to maintain the initial suit in federal court at the same time as her parallel suit in state court. Here, by contrast, Plaintiff no longer has a federal claim because of a joint motion, with Defendant, dismissing the initial claim without prejudice.

Because of these differences, the Court declines to lower the burden on Defendant mandated by Burns. Therefore, unless Defendant can prove bad faith, that is, "to a legal certainty that plaintiff's claim must exceed [$75,000]," this case will be remanded. Burns, 31 F.3d at 1095-96 (emphasis added). Here, Defendant's entire body of proof consists of Plaintiff's prior Complaint, which requested $313,250.00 in damages for breach of implied warranties.[3] The prior Complaint, which was dismissed without prejudice, with Defendant's consent, is not sufficient to meet that burden.[4] There are numerous ways

---

[3] Plaintiff also demanded rescission and return of the purchase price of $438,043.00 in the initial case. However, Plaintiff no longer seeks rescission and return of the purchase price of the unit, so this figure is inapposite.

[4] Defendant also contends that this case can be removed because it would be subject to joinder in state court, and if so joined the damages would create a sufficient amount-

that a Plaintiff can lower the damages requested without doing so in bad faith. In this case, Plaintiff has waived a portion of their suit so that it may remain in state court.[5] This is permissible; a plaintiff is the master of his own claim, and if Plaintiff wishes to—in good faith—lower its demand for damages so as to remain in state court, that is its right. See <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 n.7 (1987), <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 295 (1938)

---

in-controversy for removal. (Doc. 16 at 13.) This Court does not base its jurisdiction on hypotheticals. See <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998). Even were this case joined, it would not be axiomatic that this Court would have jurisdiction. For example, if joinder did occur, the co-defendants could refuse to consent to the removal, which would defeat jurisdiction in this Court. See 28 U.S.C. § 1446(a); <u>Chi. Rock Island & Pac. Ry. Co. v. Martin</u>, 178 U.S. 245, 248 (1900).

[5] Although the Court finds that further proof was not necessary, as Defendant has not met its "heavy burden" under <u>Burns</u>, Plaintiff did submit further proof that Plaintiff will limit its recovery to under $75,000. Plaintiff has submitted a signed and sworn Affidavit filed by its CEO stipulating to a limitation of damages to less than $75,000. (Doc. 10, Ex. 1.) The Affidavit also offers to settle the case for $74,500.00, which although not dispositive, "counts for something." <u>Burns</u> 31 F.3d at 1097. The Court disagrees with Defendant's contention that the Court should ignore the Affidavit because a computer generated copy was initially filed, rather than the actual signed copy. The Affidavit was clearly made and notarized when Plaintiff filed the Motion for Remand, and the court finds that any error in filing it is excusable. Of course, with the Affidavit filed, should Plaintiff attempt to dishonor their stipulations, this Court has the power to levy swift and painful sanctions. <u>Kirkland v. Montgomery Ward & Co.</u>, 882 F. Supp. 1020, 1022 (M.D. Ala. 1995).

(plaintiff may waive part of a claim to defeat diversity jurisdiction), 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3725 (3d ed. 2008). Accordingly, the Court remands this case to state court.

## CONCLUSION

After careful consideration, the Motion to Remand is **GRANTED**, and this case is **REMANDED** to **the State Court of Tattnall County, Georgia**. As this case is remanded, all pending Motions are **DISMISSED AS MOOT**. The **Clerk of Court** is **DIRECTED** to **close this case.**

SO ORDERED this 26th day of March, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA